IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jeffrey A. Woods, | : | |
| Plaintiffs, *et al.* | : | Civil Action 2:06-cv-661 |
| v. | : | Judge Marbley |
| Scott Johnson, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**ORDER**

    Plaintiff Jeffrey A. Woods, a state prisoner, brings this action alleging that defendants Scott Johnson, Director of the Ohio Department of Administrative Services, and Reginald Wilkinson, former Director of the Ohio Department of Rehabilitation and Correction, denied him constitutional rights.  This matter is before the Court on plaintiff Woods' objections to Magistrate Judge Abel's February 14, 2007 Report and Recommendation that defendants' September 11, 2006 motion to dismiss (doc. 9) be granted.

    Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and **GRANTS** defendants' September 11, 2006 motion to dismiss (doc. 9).

    Woods is serving aggregate terms of a minimum of 20 years and a maximum of 50 years imprisonment imposed for his convictions for five counts of rape, two counts of aggravated robbery, two counts of robbery, and one count of attempted rape.  He has served the minimum sentence of 20 years.  The complaint alleges that defendants promulgated policies that frustrate the statutes and regulations of the Ohio legislature and state agencies governing release on

parole. It further alleges that these changes violate the Ex Post Facto Clause, which prohibits the enactment of laws that increase the punishment for a crime beyond the punishment prescribed for the crime when it was committed. However, the complaint does not explain how the defendants have acted to impose a punishment that was not authorized by the statutes imposing penalties for the crimes Woods stands convicted of. Parole guidelines "do not divest a parole board's discretion in granting parole do not qualify as ex post facto laws." *Adams v. Upper*, 67 F.3d 299, 1995 WL 570915, at *2 (6th Cir. 1995). As the Report and Recommendation states, parole guidelines which postpone parole are guidelines only, not laws, and as a result, they are not subject to the Ex Post Facto Clause. *Conley v. Ghee*, 23 F. App'x 506, 507 (6th Cir. 2001).

Plaintiff also challenges policies that require him to participate in programming related to his offenses. However, Ohio has the authority to require defendants convicted of rape to participate in programs designed to reduce recidivism. They do not impose a new penalty. They protect the community. Plaintiff has failed to demonstrate that the requirement denies him a constitutional right. *See, United States v. Ritter,* 118 F.3d 502, 504 (6th Cir. 1997); *United States v. Hill*, 150 Fed. Appx. 416 at *6 (6th Cir. September 26, 2005).

The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendants. This action is hereby **DISMISSED.**

    s/Algenon L. Marbley
Algenon L. Marbley, Judge
United States District Court